COMMONWEALTH *vs.* RAPHAEL W. PEARSALL.

Suffolk.    May 3, 1976. — June 8, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Evidence,* Spontaneous utterance.    *Witness,* Child witness.    *Identification.*

At a criminal trial there was no abuse of discretion in determining the competency of a four-year-old witness on the basis of testimony by the child's aunt and a police officer, without the child's appearance in court, and in subsequently admitting the police officer's testimony as to a spontaneous declaration made by the child at the scene of the crime. [414-415]

At a criminal trial, there was no abuse of discretion in the denial of the defendant's pre-trial motion for an "impartial identification procedure" in regard to potential identification of the defendant by a witness on the ground that a prior identification was in a prejudicial court room situation, and, in the absence of a motion to suppress or a request for findings with respect to the identification, there was no support in the record for the defendant's contention that the in-court identification was the product of suggestive pre-trial confrontations. [415-416]

INDICTMENTS found and returned in the Superior Court on October 11, 1972.

The cases were tried before *Connolly, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Michael D. Cutler* for the defendant.

*Kathleen M. Curry*, Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.   Indicted for murder in the first degree, the defendant was convicted of murder in the second degree of his estranged wife and two-year-old son. He appeals under G. L. c. 278, §§ 33A-33G, assigning error in the admission of evidence of a spontaneous utterance by his four-year-old son and of an in-court identification by a boy who was thirteen years old at the time of the crimes. We hold that there was no error, decline to disturb the convictions under § 33E, and affirm.

There was testimony to the following facts. On August 31, 1972, the defendant and his wife had been separated for a year, to his distress. One Robinson had interfered with the defendant's attempts at reconciliation, and on one occasion had evicted the defendant at gunpoint from the house of a relative of the wife. The defendant had possession of two hand guns about five or six weeks before the crimes. Before 10 A.M. on August 31, 1972, Robinson was in the wife's apartment in Boston with her and the two children. As he left for his office, a few blocks away, the defendant was admitted.

After about ten minutes at his office, Robinson called the wife. He heard what sounded like the telephone hitting the floor and the wife screaming for help, hung up, called the police, and ran to the apartment. Nude on the outer steps, the four-year-old said, "My Daddy just shot my mother." Inside the locked front door of the building were the wife, shot three times, and the two-year-old, shot once. Both died. Eight .22 caliber casings were found in the area. The defendant was arrested that evening in Hyannis, and .22 caliber bullets were found in his car.

1. *Spontaneous utterance.* Before admitting the testi-

mony of Robinson to the statement of the four-year-old, the judge held a voir dire hearing at which a police officer, the child's aunt and the defendant testified. He then ruled that the child would be competent to testify if present in court. The defendant's attorney explained to the defendant that the only way to refute the utterance was to call the child as a witness, but the defendant refused to do so. He now contends that the child's competency could not be demonstrated unless the child was produced in court. We think that no abuse of the judge's discretion has been shown. As to spontaneous utterances, see *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 221-225 (1973), and cases cited. As to the competency of a child witness, see *Malchanoff* v. *Truehart,* 354 Mass. 118, 120-122 (1968); *Commonwealth* v. *Marshall,* 211 Mass. 86, 90 (1912).

2. *Identification.* Before trial the defendant moved for an "impartial identification procedure" by lineup or modified court room procedure in regard to potential identification of the defendant by one Anthony Coty (properly Cotto), asserting that a prior identification was in a prejudicial court room situation. The motion was denied. There was no motion to suppress the prior identification or its fruits. When the witness testified at trial, the defendant objected to a question as to identification of the defendant in court the day after the crimes, and the prosecutor withdrew the question. But the witness, a boy who was thirteen years old when the crimes occurred, without objection or exception identified the defendant at trial as the man he had seen with a gun in the apartment building shortly after he heard the shots at the time of the crimes. The defendant made no request for a voir dire, and he cross-examined the witness at length about the identification and about the prior identification in court. The judge was not asked to and did not make any findings or rulings with respect to the identification.

The denial of the pre-trial motion was within the judge's discretion. *Commonwealth* v. *Jones,* 362 Mass. 497, 501 (1972). But the defendant now contends that the in-court identification was the "direct product of several egregiously

suggestive pretrial confrontations." The point is not pre-
sented by any valid exception, and the record he brings
to us is entirely inadequate to supply a factual basis for
his argument.

3. *Section 33E.* The defendant urges that we exercise
our power under G. L. c. 278, § 33E, to reduce the verdicts
to voluntary manslaughter. There is no basis in the evi-
dence for such action. Cf. *Commonwealth* v. *Benjamin,* 369
Mass. 770, 773-774 (1976), and cases cited. The transcript
has been read in the light of our power and duty under the
statute, and we do not find reason to disturb the convic-
tions.

*Judgments affirmed.*